1 | **SAO**
**WALEED ZAMAN, ESQ.**
Nevada State Bar No. 13993
2 | **MICHAEL TRIPPIEDI, ESQ.**
Nevada State Bar No. 13973
3 | **ZAMAN & TRIPPIEDI**
6620 S. Tenaya Way, Suite 100
4 | Las Vegas, NV 89113
Ph: 702-359-0157
5 | F: (702) 920-8837
*Attorneys for Plaintiffs*
6 |

7 | <center>**UNITED STATES DISTRICT COURT**</center>

8 | <center>**DISTRICT OF NEVADA**</center>

<center>\* \* \*</center>

9 | WILLIE JENNINGS, VASILIKI DOLAS-
10 | AMADOR, individually;

Case No: 2:21-cv-01616-RFB-VCF

11 | Plaintiffs,

12 | vs.

13 | JACKPOT JOANIE'S, LLC, a Domestic
Limited Liability Company; DOES I through
14 | XX, inclusive; and ROE CORPORATIONS I
through XX, inclusive,
15 |

**STIPULATION AND ORDER TO
ALLOW PLAINTIFFS TO FILE
AMENDED COMPLAINT**

Defendants.

16 |

17 | **IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiffs, WILLIE

18 | JENNINGS and VASILIKI DOLAS-AMADOR, by and through their attorney, MICHAEL

19 | TRIPPIEDI, ESQ., of the law firm ZAMAN & TRIPPIEDI, PLLC., and Defendant JACKPOT

20 | JOANIE'S, LLC, by and through their attorney, RICHARD L. WADE, ESQ., of HUTCHISON &

21 | STEFFEN, PLLC., to allow Plaintiffs leave to file an Amended Complaint. A copy of the proposed

22 | Amended Complaint is attached hereto as Exhibit "A".

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 | / / /



<center>– 1 –</center>
<center>STIPULATION AND ORDER TO ALLOW PLAINTIFFS TO FILE AMENDED COMPLAINT</center>

**IT IS SO STIPULATED.**

| | |
|---|---|
| DATED THIS _7th_ day of October 2021. | DATED THIS _7th_ day of October 2021. |
| **ZAMAN & TRIPPIEDI, PLLC.** | **HUTCHISON & STEFFEN, PLLC.** |
| By: _Michael Trippiedi_ | By: _/S/ Richard Wade_ |
| **WALEED ZAMAN, ESQ.** | **MARK A. HUTCHISON, ESQ.** |
| Nevada Bar No. 13993 | Nevada Bar No. 4639 |
| **MICHAEL G. TRIPPIEDI, ESQ.** | **TODD L. MOODY, ESQ.** |
| Nevada Bar No. 13973 | Nevada Bar No. 5430 |
| 6620 S. Tenaya Way | **RICHARD L. WADE, ESQ.** |
| Suite 100 | Nevada Bar No. 11879 |
| Las Vegas, NV 89113 | 10080 West Alta Drive, Suite 200 |
| _Attorney for Plaintiff_ | Las Vegas, NV 89145 |
| | _Attorney for Defendant_ |

**ORDER**

**IT IS HEREBY ORDERED** that the Plaintiffs are granted leave to file an Amended Complaint. The Amended Complaint must be filed on or before October 15, 2021.

IT IS SO ORDERED.

_____

Cam Ferenbach
United States Magistrate Judge

10-8-2021
DATED _____

Respectfully Submitted by:

_Michael Trippiedi_
**WALEED ZAMAN, ESQ.**
Nevada Bar No. 13993
**MICHAEL G. TRIPPIEDI, ESQ.**
Nevada Bar No. 13973
6620 S. Tenaya Way
Suite 100
Las Vegas, NV 89113
_Attorney for Plaintiff_



– 2 –

STIPULATION AND ORDER TO ALLOW PLAINTIFFS TO FILE AMENDED COMPLAINT

# Exhibit A

1  **ACOM**
**WALEED ZAMAN, ESQ.**
Nevada State Bar No. 13993
2  **MICHAEL TRIPPIEDI, ESQ.**
Nevada State Bar No. 13973
3  **ZAMAN & TRIPPIEDI, PLLC**
6620 S. Tenaya Way, Suite 100
4  Las Vegas, NV 89113
Ph: (7020-359-0157
5  F: (702) 920-8837
*Attorneys for Plaintiff*
6

7  **UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**
8

9  WILLIE JENNINGS, Individually; VASILIKI
DOLAS-AMADOR, Individually;
10
                                               CASE NO. 2:21-cv-01616-RFB-VCF
        Plaintiffs,
11                                             **PLAINTIFF'S SECOND AMENDED**
                                               **COMPLAINT AND DEMAND FOR**
vs.                                            **JURY TRIAL**
12

13  JACKPOT JOANIE'S, E.H. LLC, a Domestic
Limited Liability Company; DOES I through
14  XX, inclusive; and ROE CORPORATIONS I
through XX, inclusive,
15
        Defendants.
16

17

18      Plaintiffs, WILLIE JENNINGS ("MR. JENNINGS") and VASILIKI DOLAS-AMADOR

19  ("MS. DOLAS-AMADOR"), to as by and through their counsel of record, WALEED ZAMAN,

20  ESQ. and MICHAEL TRIPPIEDI, ESQ., of Zaman & Trippiedi, PLLC., and for a cause of action

21  against the Defendants, and each of them, for damages and injuries sustained on or about June 13,

22  2020, alleges, on information and belief, and avers as follows:

23                      **PARTIES, JURISDICTION, AND VENUE**

24      1.      Plaintiff, WILLIE JENNINGS is a resident of Clark County in the State of Nevada,

25  and at all times relevant herein was residing in the State of Nevada in Clark County.

26      2.      Plaintiff, VASILIKI DOLAS-AMADOR is a resident of Clark County in the State

27  of Nevada, and at all times relevant herein was residing in the State of Nevada in Clark County.

28  . . .



– 1 –

3.    Plaintiffs are informed and believe, and thereon allege that Defendant, JACKPOT JOANIE'S, E.H. LLC. (hereinafter "JACKPOT") is a Nevada based Domestic Limited Liability Company with sufficient nexus, contacts, and presence within the state of Nevada for purposes of jurisdiction pursuant to N.R.S. 17.080.

4.    Upon information and belief, Defendant JACKPOT owned and/or operated and/or managed certain property d/b/a Jackpot Joanie's, located at or around 2381 E. Windmill Lane, Las Vegas, NV 89123.

5.    That Defendants DOES 1-20, and ROES 1-20, whether individual, corporate, associates or otherwise, are fictitious names of Defendants whose true names and capacities, at this time, are unknown to Plaintiffs. Plaintiffs are informed and believe and allege that at all relevant times, DOES 1-20 and ROES 1-20 were agents, servants, and employees of Defendants, and in doing things hereinafter mentioned was acting in the scope of his/her authority as such agent, servant and employee, and with the permission and consent of his Defendants; and that each of said fictitiously named Defendants, whether an agent, corporation, association, or otherwise, is in some way liable or responsible to the Plaintiffs on the facts alleged herein, and proximately caused injuries and damages to Plaintiffs. At such time as Defendants' true names become known to Plaintiffs, Plaintiffs will ask leave of this Court to amend this Complaint to insert said true names and capacities.

6.    Plaintiffs reside in and the acts complained of herein occurred within Clark County, Nevada.

7.    It is anticipated that all of the witnesses reside or can otherwise be found within the Court's jurisdiction.

8.    The damages complained of are in an amount sufficient to invoke the jurisdiction of this Court, though not yet fully ascertained, said damages complained of are in excess of Fifteen Thousand Dollars ($15,000.00).

. . .

. . .

. . .



– 2 –

## **GENERAL ALLEGATIONS**

9.      JACKPOT owns a restaurant/bar/gaming establishment located at 2381 E. Windmill Lane, Las Vegas, NV 89123, doing business as Jackpot Joanie's Gaming & Spirits 24Hrs ("Jackpot Casino").

10.      Upon information and belief, beginning on or about June 3, 2020, MR. JENNINGS began to regularly frequent Jackpot Casino where he established a routine of playing video poker while enjoying a Coca-Cola.

11.      Upon information and belief, during the period between June 3, 2020 and June 13, 2020, MR. JENNINGS gambled at Jackpot almost daily and during that time his identification information ("ID") was requested and confirmed as valid by various members of the Jackpot Casino staff.

12.      Upon information and belief, June 3, 2020 and June 13, 2020, when MR. JENNINGS routinely frequented Jackpot Casino he was the only African-American that he observed inside the premises.

13.      On or about June 13, 2020 MR. JENNINGS returned to Jackpot Casino to play video poker, and upon arriving he was greeted by employees of Jackpot Casino that he had become familiar with and played video poker for approximately one (1) hour before leaving the casino.

14.      Later in the day on June 13, 2020, MR. JENNINGS returned to Jackpot Casino and began looking for an empty video poker machine to play.

15.      MR. JENNINGS observed a Caucasian man get up and leave a video poker machine. Believing that this man was no longer using the machine and seeing no apparent indication that this man intended to return to this machine, MR. JENNINGS sat down at this machine and began playing.

16.      After a short time, the same Caucasian man returned to the video poker machine and explained that he had not finished with that particular machine. MR. JENNINGS apologized for any misunderstanding and relinquished said machine back to this man and moved onto a different machine.

. . .



17.     Upon information and belief, approximately ten (10) minutes later, as MR. JENNINGS was playing video poker on a new machine, a JACKPOT employee who had interacted with MR. JENNINGS on numerous previous occasions while he was gambling, approached him and asked to see his ID.

18.     Upon information and belief, despite his ID having been checked by JACKPOT employees on multiple other previous occasions and confirmed as being valid, MR. JENNINGS was informed that JACKPOT would no longer accept his ID and that he needed to leave the bar area where he was playing video poker.

19.     Confused as to why his ID was now being refused, despite its validity having been confirmed on other occasions by JACKPOT employees, who allowed him to continue to gamble his money in the casino, he contacted MS. DOLAS-AMADOR to notify her of the situation.

20.     MS. DOLAS-AMADOR then joined MR. JENNINGS at Jackpot Casino and the Plaintiffs, together, reentered Jackpot Casino in order to clarify the situation with JACKPOT's staff.

21.     Upon information and belief MR. JENNINGS and MS. DOLAS-AMADOR discussed MR. JENNINGS' ID with two (2) JACKPOT employees, including a manager, who continued to insist that Plaintiffs were not allowed to gamble on the premises due to MR. JENNINGS ID, while declining to indicate what specific law or Nevada Gaming Control Board regulation authorized JACKPOT to refuse service to the Plaintiffs or disregard MR. JENNINGS' ID.

22.     Upon information and belief, neither of the JACKPOT employees offered any justification for why MR. JENNINGS was previously allowed to use the same ID to gamble without incident on several occasions in the days leading up to this incident.

23.     During this conversation the JACKPOT employees began to become confrontational and irate towards the Plaintiffs and threatened to call the police.

24.     Not wanting to cause a disturbance, Plaintiffs exited Jackpot Casino.

25.     Upon information and belief, after exiting Jackpot Casino Plaintiffs called the Nevada Gaming Control Board and inquired whether JACKPOT employees could refuse to recognize MR. JENNINGS' ID.

– 4 –



26.     Upon information and belief, the Plaintiffs were told by the Gaming and Control Board that JACKPOT employees could not refuse to recognize a valid ID unless there were signs on the premises indicating that specific form of ID would not be accepted.

27.     Upon information and belief, after concluding this call with the Nevada Gaming and Control Board, Plaintiffs once again entered the Jackpot Casino where they asked another employee whether the casino posted signs indicating that MR. JENNINGS' ID was invalid.

28.     Upon information and belief, this employee indicated that no signage indicating that Jackpot Casino would refuse to recognize MR. JENNINGS type of ID existed, and he recommended that the Plaintiffs file a complaint with the Nevada Gaming Control Board.

29.     The Plaintiffs once again exited Jackpot Casino and called the Gaming Control Board who indicated that they would immediately send two (2) Gaming Control Investigators to the Jackpot Casino to investigate the incident.

30.     Upon information and belief, two (2) Gaming Control Investigators arrived at Jackpot Casino, discussed the situation with JACKPOT's employees and reviewed the security footage of the Plaintiffs' interactions with the JACKPOT employees who had repeatedly asked them to leave the premises.

31.     Upon information and belief, the Gaming Control Investigators informed Plaintiffs that their conduct had been correct and that they had done nothing wrong.  Furthermore, the Investigators recommended that Plaintiffs retain counsel to further investigate the matter.

32.     Upon information and belief, Plaintiffs believe that the JACKPOT employees' motivations for removing them from the property were based on MR. JENNINGS race and ethnicity and MS. DOLAS-AMADOR's association with MR. JENNINGS.

33.     As a result of JACKPOT's conduct the Plaintiffs have suffered significant personal injuries including, but not limited to, severe mental pain and anguish, the full extent and nature of which are still not fully known.

34.     Due to JACKPOT acting in a manner consistent with intentional malice, outside all bounds tolerated by a reasonable society, the Plaintiffs are entitled to an award of punitive damages in addition to their actual damages.



35. As a result of JACKPOT's conduct, the Plaintiffs have been forced to retain the law offices of ZAMAN & TRIPPIEDI, PLLC, to prosecute this action, and are therefore, entitled to recover attorneys' fees, case costs and expenses, as well as prejudgment interest.

### FIRST CLAIM FOR RELIEF

**Violation of N.R.S. 651.070**

**(Equal Enjoyment of Places of Public Accommodation)**

36. Plaintiffs incorporate by reference each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

37. At all relevant times, Defendant JOANIE'S owed a duty to comply with all applicable statutes, regulations, and rules related to the operation of any place of public accommodation, without discrimination or segregation on the ground of race, color, religion, national origin, disability, sexual orientation, sex, gender identity or expression, as defined in N.R.S. 651.070.

38. JACKPOT breached this duty when JACKPOT's employees subjected MR. JENNINGS to discrimination by attempting to remove him from the casino on the basis of his race and ethnicity and further breached this duty when JACKPOT's employees subjected MS. DOLAS-AMADOR to the same discrimination based on her association with MR. JENNINGS.

39. The Plaintiffs belong to the class of persons NRS 651.070 were designed to protect.

40. Pursuant to NRS 651.090 the Plaintiffs are entitled to relief in the form of an injunction against JACKPOT to prevent a repeat of this discriminatory behavior, actual damages, and an award of attorneys' fees and costs.

41. As a direct of JACKPOT's violation of N.R.S. 651.070, Plaintiffs have suffered damages including but not limited to mental anguish, emotional distress, inconvenience, and loss of enjoyment of life in a sum to be determined at the time of trial.

42. As a result of JACKPOT's conduct, the Plaintiffs have been forced to retain counsel to pursue their interests in this matter, and they are entitled to reasonable costs and attorneys' fees.

. . .

. . .

## SECOND CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43.  Plaintiffs incorporate by reference each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

44.  JACKPOT's employee's conduct in seeking to remove the Plaintiffs from the premises of Jackpot Casino solely based on MR. JENNINGS' race and ethnicity was intentional, extreme and outrageous, and designed to purposefully cause the Plaintiffs severe emotional distress.

45.  As a direct and proximate result of the conduct of JACKPOT's employees, the Plaintiffs have suffered extreme emotional distress including mental pain and anguish.

46.  As a result of JACKPOT's actions, the Plaintiffs have suffered damages including but necessarily limited to severe mental pain and anguish, the full extent and nature of which are still not fully known.

47.  JACKPOT's actions in this matter were intentional and undertaken with such malice as to support the Plaintiffs' request for punitive damages in this matter.

48.  As a result of JACKPOT's conduct, the Plaintiffs have been forced to retain counsel to pursue their interests in this matter, and they are entitled to reasonable costs and attorneys' fees.

### THIRD CLAIM FOR RELIEF

### NEGLIGENT HIRING, RETENTION, AND SUPERVISION

49.  Plaintiffs incorporate by reference each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

50.  JACKPOT was negligent in its hiring, training, supervision, and/or retention of DOE employees, at all times relevant herein.

51.  JACKPOT knew or reasonably should have known that DOE employees were engaging in intentional wrongful conduct when they sought to evict the Plaintiffs from Jackpot Casino with no legal basis and on account of MR. JENNINGS race and ethnicity.

52.  JACKPOT should not have allowed DOE employees to be placed in such positions of authority that empowered them to racially discriminate against the Plaintiffs.

. . .



53.     At all relevant times, JACKPOT knew or should have known that the discriminatory conduct of its employees was wrong and should not have been allowed to continue.

54.     At all relevant times JACKPOT knew or reasonably should have known that the discriminatory conduct of DOE employees would and did cause the Plaintiffs to suffer injuries including but not necessarily limited to severe mental anguish and distress.

55.     At all relevant times JACKPOT knew, or in the exercise of reasonable care, should have known and foreseen that its failure to adequately supervise, control, regulate, train, or discipline, the intentional bad conduct of its employees, would result in the Plaintiffs being subjected to injuries.

56.     Upon information and belief, at all times JACKPOT had the power, ability, authority, and duty to intervene, supervise, train, prohibit, control, discipline, or penalize the discriminatory conduct of DOE employees.

57.     JACKPOT willfully, recklessly, and/or negligently retained DOE employees despite their being unfit for such employment.

58.     As a direct and proximate result of JACKPOT's failure to properly train, supervise its agents and employees, the Plaintiffs have suffered damages including but necessarily limited to severe mental pain and anguish, the full extent and nature of which are still not fully known.

59.     Pursuant to NRS 41.130, or alternatively, under the doctrine of "respondent superior" JACKPOT is liable to the Plaintiffs for DOE employees wrongful and tortuous acts.

60.     As a result of JACKPOT's conduct, the Plaintiffs have been forced to retain counsel to pursue their interests in this matter, and they are entitled to reasonable costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against JACKPOT as follows:

1.     For a judgment in favor of Plaintiffs against Defendants on the complaint and all claims for relief asserted therein;

2.     For an award of compensatory damages from mental anguish, emotional distress, pain and suffering, humiliation, harm to reputation and other losses incurred by Plaintiffs as a result of Defendant's conduct;

– 8 –



3.    For an award of prejudgment and post-judgment interest;

4.    For an award of punitive damages;

5.    For an award of Plaintiff's reasonable attorneys' fees and costs; and

6.    For an award of such other relief the Court may deem just and proper.

DATED this 27th day of September 2021.


_Michael Trippiedi_
**WALEED ZAMAN, ESQ.**
Nevada State Bar No. 13993
**MICHAEL TRIPPIEDI, ESQ.**
Nevada State Bar No. 13973
6620 S. Tenaya Way, Suite 100
Las Vegas, NV 89113
Ph: 702-842-4242
F: 702-920-8837
*Attorneys for Plaintiffs*